## Silas W. Goodale, relator v. The Board of Supervisors of Marquette County.

### *Stenographer's salary—Apportionment of liability.*

The Stenographer's Act (Comp. L. p. 1528) contemplates that a person appointed stenographer shall hold his office indefinitely, and independently of the county and the electors; that the appointment may be made for an entire judicial circuit whatever the number of counties it contains; and that it may be made for a single county when the circuit contains no more. But the entire circuit cannot be compelled to pay the appointee more than the statutory salary of $2000, and this should be apportioned by the circuit judge among the counties composing it. § 5035.

The several counties composing a judicial circuit should act affirmatively, through their respective boards of supervisors, as a basis for the appointment of a stenographer for the circuit; otherwise the law authorizing such appointments is not operative in every part of it.

But, in the absence of evidence to the contrary, such action may be fairly presumed where a stenographer's commission has been issued.

A stenographer appointed for a judicial circuit cannot compel the individual counties composing it to pay him specific sums by way of compensation, without showing that their respective quotas toward his statutory salary amount to those sums.

MANDAMUS. Submitted Oct. 28. Denied Nov. 10.

*W. P. Healy* for relator. The salary of an official stenographer cannot be decreased by the board of supervisors during his incumbency :. *People v. Auditors* 13 Mich. 233; he can compel payment of the full amount by *mandamus : People v. Supervisors of Macomb* 3 Mich. 475; *Kennedy v. Gies* 25 Mich. 83; *Douvielle v. Manistee Supervisors* 40 Mich. 585.

*John Q. Adams* for respondent.

GRAVES, J. The act for the appointment of stenographers for circuit courts is admitted to have been in operation in Marquette county since 1872. That county however is one of seven which compose the twelfth judicial circuit. The others are Baraga, Houghton, Isle Royale, Keweenaw, Schoolcraft and Ontonagon. On the 21st of November, 1876, the governor appointed the relator to be stenographer for the twelfth judicial circuit and to hold during the pleasure of the governor unless suspended for misconduct by the court. At the October session of the supervisors of Marquette for that year they resolved that the salary of stenographer for that county should be $1200 per annum from and after the 1st day of July, 1876, and this resolution was standing when the relator accepted ·the governor's appointment, and he received from that county a compensation at the rate of $1200 per year from his acceptance until January 1, 1879. At the session of the supervisors in October, 1878, they adopted the report of a committee reducing the salary from $1200 to $600 and on the 9th of January, 1879, they fixed it at $800 per annum from January 1, 1879, until otherwise ordered. Since that time respondents' county

has paid him at that rate; but it is admitted in the papers that he never assented to the change or accepted the amount paid as full payment.

It appears from the answer filed by. respondents that relator is drawing compensation from two other counties in the twelfth judicial circuit, namely, Houghton and Keweenaw. They say that from October, 1872, to January, 1879, Houghton county paid him $800 per year, and that for one year or more preceding January, 1879, as they are informed and believe, the county of Keweenaw paid him $300 per annum. They further say that they are informed that Houghton county has resolved to reduce relator's compensation from that county to $600 from January 1, 1879, and that Keweenaw has similarly resolved on a reduction to $250. The record is silent in regard to the other counties in the judicial circuit.

The relator prays that a *mandamus* may be awarded commanding the board of supervisors of Marquette county to audit his claim and allow him at the rate of $1200 per annum, and also to rescind this proceeding taken to reduce his salary.

The present statute relating to stenographers being the act of April, 1869, as amended in 1871 (Sess. Laws 1869, p. 157; 1 Sess. Laws 1871, p. 109; 2 Comp. L., p. 1528), is very confused and it is extremely difficult to retain the terms and still translate the various provisions into something reasonable and coherent. It manifestly contemplates that an appointee may hold for an indefinite period, and that his tenure shall be independent of the county and of the electors. It also contemplates that an appointment may be made for a single county in case the judicial circuit contains no more, and it must be admitted, as it seems to me, that an appointment for a judicial circuit as an entirety was meant to be authorized whatever number of counties might be embraced. But it is not so clear that an appointment was intended to be allowed for one county alone out of several composing a judicial circuit. That question is not now important. The case we have to deal with is one where the appointment was

not made for a county, but for a judicial circuit containing seven counties, and where several are confessedly contributing quotas. After much consideration to draw from the ambiguous provisions a reasonable conclusion it seems most probable that it was intended that no judicial circuit whether composed of one or several counties should be compelled on any ground to pay more than $2000 per annum whatever it might choose to do voluntarily. The electors have repeatedly refused to increase the salary of circuit judge, and it is scarcely credible that those representing the electors should designedly provide for vesting in these merely clerical assistants of the courts an absolute right to have a yearly salary without limit as to time of not less than $500 in excess of the salary considered sufficient by the constituent body for the judge himself, and morover as much in addition thereto as any board of supervisors might see fit to make it.

If the inference made is correct, it would be for each county of the judicial circuit to pay its proper share of the sum fixed as salary for the circuit, not exceeding $2000; such share being ascertained and apportioned by the circuit judge in the manner mentioned in section 5035. This would be compulsory. The payment by any one of the several counties in the circuit of a larger sum, not being obligatory, would be voluntary.

As a basis for the appointment of a stenographer for an entire judicial circuit the several counties composing it must take the requisite action to cause the law to operate therein, and for this purpose each county must act affirmatively through its own board of supervisors. Unless this is done the law is not caused to be operative throughout the circuit and the portion in which there has been no action is not under or subject to the law at all. The judicial circuit is not then covered by the statute and cannot be rendered subject to it.

The commission to relator and on which he founds his right was, as already stated, for the 12th judicial circuit. The several counties in the circuit either had or had not taken the requisite steps to give the law operation. If they

had not, the validity of the commission, as a legal title on which to found this proceeding, is more than questionable. But it is fair to presume they had. The fact that the governor actually commissioned the relator as stenographer for the 12th circuit carries with it an intendment, in the absence of evidence to the contrary, that the law had been rendered operative for that circuit.

Taking this to be the case, it follows that the facts in the record do not show any right in relator to demand any further sum from Marquette county or to have any kind of relief.

We have no evidence of the quota chargeable to the respective counties nor any showing to enable us to say that respondents' county is in any respect legally in fault. Even as respects Houghton and Keweenaw we only know that they have paid respectively the sums mentioned and purpose to pay the smaller rates spoken of. So much is indicated by the answer. But there is no information of any legal apportionment fixing them with a strict legal liability.

The application must be denied with costs

The other Justices concurred.