GEORGE FRANK HITCHCOCK, RELATOR v. SAMUEL H. BLACK-
MAN, TREASURER OF VAN BUREN COUNTY, ET AL.

*Stenographer's Salary.*

The three counties comprising a judicial circuit, through their board of
supervisors, assented to the employment of a stenographer without
stipulating as to his compensation, and this under the statute left
his salary at $2000. This sum was apportioned among the counties
and paid for four years, when one of the counties was detached
from the circuit. *Held*, that the previous assent of the counties to
the employment of a stenographer at the statutory salary did not
continue to be binding after this change, but that they were entitled
to make new arrangements.

One of the counties continued without objection for three years to pay
its proportion of $2000, but the supervisors then voted to reduce
the sum to be paid by them to $600. The stenographer received this
without protest for four years, when the supervisors withdrew their
assent to the employment and refused to pay longer. *Held*, that
under these circumstances it must be deemed that no arrangement
has been made, except so far as one party has paid and the other
received money in satisfaction of services previously rendered.

MANDAMUS.    Submitted Oct. 11.    Decided Oct. 26.

*Brown, Howard & Roos* and *Chas. Upson* for relator.

*O. W. Rowland* and *George W. Lawton* for respondents.

COOLEY, J.    In this proceeding the relator seeks by
*mandamus* to compel the respondent, who is treasurer of
Van Buren county, to pay him a sum claimed to be due to
him for salary as stenographer for the circuit court for that
county.    The principal questions made are questions of
statutory construction.

The first act for the appointment of stenographers in this
State was passed in 1869. It provided for the appointment
of a stenographer in the county of Wayne at a salary of
two thousand dollars, on the certificate of the circuit judge
that the business of his court was such as to render the

employment of a stenographer desirable. It then further provided that "Any one or more of the counties of this State being in the same circuit, may at any time cause this act to become operative in such county or counties, either united with each other, or in any single county, by the certificate of the judge, as provided in section one of this act, sent to the board of supervisors of such county or counties, and approved by the majority vote of the supervisors elected in such county or counties: *Provided,* The salary herein provided for the stenographer, shall, as between two or more counties, be apportioned and paid according to population of the counties as appearing from the last census." Laws 1869, p. 158.

While this provision was in force the relator was duly appointed stenographer for the ninth judicial circuit, then composed of the counties of Kalamazoo, Allegan, and Van Buren, and entered upon the discharge of his duty as such, and received his compensation as provided in the act.

In 1871 the provision for the appointment of stenographers in other counties than Wayne was amended so as to read as follows:

"Any one or more of the counties of this State, being in the same circuit, may, at any time hereafter, cause this act to become operative in such county or counties, either united with each other or in any single county, by the certificate of the judge, as provided in section one of this act, sent to the board of supervisors of such county or counties, and approved by the majority vote of the supervisors elected in such county or counties, and such board or boards of supervisors may fix the amount of salary to be paid by such county or counties to such stenographer, and such stenographer when appointed by the Governor shall be entitled to the salary so fixed, and no more, and any amount which may have been heretofore fixed as such salary by such board or boards of supervisors, less than $2000, shall be and is made binding under this act, and such stenographer, when appointed, may enter upon his duties under such salary so fixed: *Provided,* That stenographers heretofore appointed elsewhere than in the county of Wayne shall, unless some other contract has been made, receive a salary of $2000 per annum, payable in monthly installments, out of the county

treasury of the counties composing the circuit employing such stenographer, according and in proportion to the number of suits entered and commenced in the circuit court for such counties respectively the preceding year; and it shall be the duty of the circuit judge of such circuit, on the first of January of each year, or as soon thereafter as may be, to apportion the amount of such salary to be paid by each county in his circuit on the basis aforesaid. * * *" General Laws 1871, pp. 109–111.

After the passage of this act the relator continued to discharge the duties of his said office and to receive the compensation provided for two years, when an act was passed detaching Allegan from the ninth judicial circuit and uniting it with the county of Ottawa to form the twentieth judicial circuit. It seems to have been assumed at first that this change in the circuit did not affect the office of the relator, except as it relieved him of duties in the county of Allegan, and until the year 1876 his salary of $2000 was apportioned between the counties of Kalamazoo and Van Buren, and regularly paid to him.

In the year 1876, however, the board of supervisors of Van Buren county, assuming a right to change the salary so far as concerned their own county, adopted a resolution that the salary be fixed at six hundred dollars per annum from February 1, 1876. At this rate the salary was paid to the relator until January 9, 1880, when the board adopted the following resolution:

" Whereas, it satisfactorily appears to this board of supervisors that George F. Hitchcock has persistently neglected to perform the duties of stenographer for the circuit court for the county of Van Buren, and has been in the practice of making unlawful charges for furnishing copies of the minutes of testimony taken in causes tried in said court; therefore,

" Resolved, that the clerk of said county of Van Buren is hereby instructed to draw no orders in favor of said Hitchcock on which he may be enabled to draw any salary after the date of the adoption of this resolution, and that the treasurer of said county is hereby instructed to pay no orders for salary of said Hitchcock after the adoption of this resolution.

" Resolved, further, that the resolution heretofore passed by the board of supervisors, authorizing the appointment and employment of said George F. Hitchcock as stenographer in this county, be and the same is repealed and rescinded, and that no salary whatever be paid the said Hitchcock from and after the passage of this resolution."

The relator claims that he never acquiesced in the reduction of his salary, but he does not show that he ever protested. After the passage of the resolutions of January 9, 1880, he still claimed to be in office and to be entitled to compensation on the basis fixed by the act of 1871, and on the county treasurer refusing to recognize his orders therefor, he instituted this proceeding.

The petition shows that the circuit judge has regularly apportioned the salary of relator, at the rate of $2000, as between the counties of Kalamazoo and Van Buren, and that on that basis he would be entitled for the four years of 1876, 1877, 1878, and 1879 to the sum of $1448.35 above the sum of six hundred dollars per annum which was paid to him. From that time to the time of presenting the application he would be entitled to the further sum of $1007.59 on the same basis. And he prays that a *mandamus* may issue to compel the respondent to pay these sums.

In *Goodale v. Supervisors of Marquette*, 45 Mich. 47, we had occasion to consider somewhat this legislation, and to remark upon the difficulty in giving it a consistent interpretation and effect. A few things, however, are manifest. It was not intended to compel any county to employ a stenographer against the judgment or will of its supervisors, or to compel them to pay any definite sum as compensation when a different compensation could be agreed upon. A sum was named which was to stand in the absence of other arrangements.

The supervisors of Van Buren county made no arrangement with the relator which could relieve them from the payment of their full share of the salary named in the act, and they were legally bound to pay it up to the time of the change made in the circuit by detaching Allegan from it. This no one disputes. The question now is whether the

change then made effected any change in the relations between the relator and the remaining counties. On his part it is contended that it did not, for his appointment was for the circuit, not for any particular counties, and it must continue unaffected by such changes.

It cannot plausibly be claimed, however, that no change in the circuit would affect the office of the relator. If, for example, the county of Kalamazoo were now to be detached, and the county of Cass brought in—the latter county having never assented to the employment of a stenographer—the result must follow that either the employment of the relator for Van Buren county must terminate, or the county must pay the full salary; for the law provides for no apportionment as between a county that assents and one that does not. It must follow that the employment of the relator must under such circumstances terminate, for the supervisors have made no agreement for such a contingency and the law makes none for them.

But if one change in the circuit terminates the employment, it seems to us that any other must have the same effect. The employment of the stenographer rests upon consent; and when consent is given, it is in view of an existing state of facts. When a county consents to be one of three to make up a certain salary, this does not bind her to be one of two to pay it, if the circuit is reduced to two, or to pay the whole if the others are detached. A new case is presented by such a change, and the supervisors are entitled to make new arrangements.

It is claimed, however, that the county is precluded in this case from raising the question by having paid its proportion of $2000 for three years after the act of 1873 took effect. There would be much force in this if it stood alone; but it does not, and it can quite as forcibly be claimed that the relator has assented to the opposite view by receiving the reduced salary for a still longer period. We can hardly hold either party bound under such circumstances except so far as money has been actually paid and received for services previously performed, for it is evident their minds have not

met on any permanent arrangement at any agreed compensation. This leaves the whole question open as it was at the passage of the act of 1873—the parties not having come to any agreement since. We think the supervisors, after that act was passed, were no longer bound to provide for the salary as it was before fixed, but had a right to enter into negotiations anew. The arrangement before made came to an end when the condition of things in view of which it was made no longer existed.

No attention is paid to the charges made by the supervisors against the relator; they being both unimportant and not proved.

The petition must be dismissed but without costs.

The other Justices concurred.